**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, PONCE PART**

| | |
|---|---|
| **MANUEL JUSINO PALERMO and NAHIR GIRON MOREL** <br> **PLAINTIFF** <br><br> V. <br><br> **DUPONT AGRICULTURAL CARIBE INDUSTRIES LIMITED** on its own behalf and through its Resident Agent C.T. CORPORATION, also known as **DUPONT CONNECTION** and **DUPONT AGRICHEMICAL; AON HEWITT LLC; TRIPLE S SALUD, INC.; CORPORATION XYZ** and **INSURANCE COMPANY ABC** <br><br> **DEFENDANTS** | **CIVIL NO.:** <br><br> **COURTROOM:** <br><br> **RE: DAMAGES** <br> **COLLECTION OF MONIES** |

# COMPLAINT

TO THE HONORABLE COURT:

Come now plaintiffs, Mr. Manuel Jusino Palermo and Mrs. Nahir Girón Morel, through the undersigned legal counsel, and very respectfully **STATE, ALLEGE AND PRAY:**

1. That their address is as follows:

   **Residential**
   Urb. El Monte
   3627 Cumbre Street
   Ponce, PR 00716

   **Mailing:**
   PO Box 7683
   Ponce, PR 00732

2. That the defendant is a for-profit corporation duly registered and authorized to conduct business in the Commonwealth of Puerto Rico.

   a. **DuPONT Agricultural Caribe Industries, Inc.**

      For-profit, foreign corporation duly registered with the Commonwealth of Puerto Rico Department of State under number 10344, with resident agent C.T. Corporation, whose mailing and physical address is 361 San Francisco Street, Old San Juan, San Juan, PR 00901.

    This corporation conducts business under the names: Dupont Connection and Dupont Agrichemical.

   **b. AON Hewitt, LLC.**

    Foreign corporation conducting business in Puerto Rico, with offices in Hato Rey Tower, 268 Muñoz Rivera Avenue, San Juan, PR 00918-1932 and telephone number (787) 767-5525.

   **c. TRIPLE S – SALUD, Inc.**

    For-profit, domestic corporation duly registered with the Commonwealth of Puerto Rico Department of State under number 428, whose mailing and physical address is 1441 F.D. Roosevelt Avenue, San Juan, PR 00920.

3. Included as defendants are Corporation XYZ and Insurance Company ABC, which are fictitious names to refer to any legal entity or individual that is or may be liable to the Plaintiffs for their damages.

## FACTS

4. Since 1983, Mrs. Nahir Girón Morel and her husband, Mr. Manuel Jusino Palermo, received the medical and dental coverage services of Triple S as part of the benefits offered by DuPONT Agricultural Caribe Industries, Inc. (who also conducts business under the name Dupont Connection and Dupont Agricultural and AON Hewitt, LLC), hereinafter, "Dupont," to its employees, retirees and their direct relatives.

5. That is because Mr. Manuel Jusino Palermo has been a retiree of this company since 1992.

6. The plaintiffs never received advance notice of any changes or potential changes in medical coverage, invoices pertaining to costs of medical coverage, or notification whatsoever. It was not until the month of **October 2014** that a notification was received by regular mail from DuPont's Human Resources Department in which, in short, they informed that effective **January 1, 2015**, the medical coverage for retired employees would be varied or expenses reimbursed.

7. After countless efforts, all unsuccessful, in November 2015, Mr. Jusino Palermo was able to contact personnel from One Exchange, an affiliate of the defendant herein and AON Hewitt, LLC, that

renders services to retirees in order to clarify doubts pertaining to changes in their medical and dental coverage. Specifically, they informed that his wife's medical and dental coverage would not undergo changes and would continue in effect for January 1, 2015.

8. Pursuant to the information provided by One Exchange, by January 1, 2015, Mr. Manuel Jusino would receive his Medicare coverage because he would be of the required age, and Mrs. Nahir Girón would continue to receive her Medical Plan and Dental Plan coverage without any changes, so she was informed that she did not have to take any steps to that effect.

9. In 2014, Mrs. Girón Morel's medical and dental coverage was in effect and did not undergo interruptions. However, in the month of February 2015, she realized her medical coverage had been cancelled as of January 1, 2015. This occurred without prior notice from the defendants herein. Given this surprise, Mr. Jusino Palermo and Mrs. Girón Morel took all the steps within their reach to get to know the reasons why the medical and dental coverage had been cancelled and were able to obtain the services again.

10. It was not until **August 2015** that Mrs. Girón Morel received her new Medical Plan card. After making some inquiries, the plaintiffs learned that only the Medical Plan had been **activated on August 13, 2015, eight (8) months after the effective date, as informed by the defendants. As of that date, there still wasn't any dental plan coverage.**

11. The defendants sent the plaintiffs herein respective invoices for alleged Medical and Dental Plan services, when Mrs. Girón Morel had not received the adequate coverages. Therefore, the plaintiffs objected to these invoices through an administrative appeal process.

12. After several administrative efforts and an anguishing appeal process, the plaintiffs continued to pay, in advance, from the date when the medical coverages were activated for Mrs. Girón Morel on August 13, 2015, through to July 2016. However, the defendants maliciously, arbitrarily, capriciously, and without prior notice, ordered the services pertaining to Mrs. Girón Morel's medical and dental coverage to be deactivated.

13. Mrs. Girón Morel received the bitter news that she could not use her Medical Plan because it had been deactivated and was compelled to pay cash for the medical services received. She was not

informed of this by the defendants herein, but by the staff at Dr. Jaime Villa Colón's medical office.

14. **That on July 13, 2016, after Mrs. Girón Morel visited her dermatologist, Dr. Jaime Villa Colón, the plaintiffs learned that the defendants had ordered Mrs. Girón Morel's Dental and Medical Plan or coverage to be deactivated, retroactively to May 1, 2016**.

15. Coincidentally, on July 10, 2016, the plaintiffs received an *adjusted invoice* in the amount of $121.48, which was paid in full. Despite this, the Medical and Dental Plan remained inactive and the plaintiffs resumed efforts to inquire into the reasons why this problem continued.

16. Since the month of August 2016, until the month of December 2016, invoices for the monthly amounts of $16.00 were received and were all paid in full and on time. For reasons unknown by the plaintiffs, on December 27, 2016, a second invoice was received, this time in the amount of $960.52, and, to their surprise, with a warning that the payment had to be received in full on or before January 1, 2017. Given this discrepancy in invoices, the plaintiffs contacted the defendants, but were unsuccessful with the remedies, and the personnel did not know why they were being billed these amounts.

17. On January 11, 2017, a second invoice was received for the same amount of $960.52, this time with a warning of immediate and retroactive cancellation: **"Because your previous balance wasn't received by the statement date on thi [sic] bill, your minimum payment of $884.52 must be received by 02/27/2017. Otherwise, your coverage will be cancelled effective 01/31/2016."** Given this situation, the plaintiffs contacted the defendants again, and the latter told them to continue paying their monthly bill, $76.00, until they found out why they were being billed these amounts. They also explained that the invoices are sent automatically.

18. After several efforts and conversations with Dupont Connection's staff, the matter was resolved without prior notice. Mrs. Girón Morel was informed by a pharmacy that her Plan was active.

19. Surprisingly, on September 14, 2018, notified by regular mail on September 17, 2018, Triple S-Salud informed Mrs. Girón Morel that her coverage would be cancelled effective January 24, 2017.

Therefore, any and all medical services received from that date through to the month of September of the current year would have to be paid by the plaintiffs. This, without offering any reason that justifies this.

20. **Despite the monthly payments and efforts on the plaintiffs' part to continue with their Medical and Dental Plan coverage, the defendants arbitrarily deactivated, without any notice whatsoever,** the plaintiff's medical coverage benefits. As a result, to this day, Mrs. Nahir Girón does not have medical or dental coverage to receive healthcare treatment and care.

21. As a result of this situation and these arbitrary, capricious, culpable and negligent acts on the part of Dupont, all of its offices and/or affiliates, and by Triple S-Salud, Mrs. Girón Morel and Mr. Jusino Palermo have suffered financial and emotional damages.

    a. For financial damages: **$40,000.00**.

    b. For mental anguish and emotional damages: **$20,000.00.**

    c. For extrajudicial efforts and attorney's fees: **$5,000.00.**

**WHEREFORE,** we very respectfully pray that this Honorable Court, in due course, and after following all pertinent procedures, **GRANT** this complaint and consequently order the defendants to pay to the plaintiffs the sums claimed; the litigation costs and expenses; and a sum no less than **$5,000.00** for attorney's fees.

In Ponce, Puerto Rico, on November 12, 2018.

S/ MRS. NAOMI JUSINO GIRÓN, ESQ.
RUA 19135

Urb. Constancia, #2734 Luis A. Ferré Blvd.
Ponce, PR 00717-0300
Tel. (787) 607-9588 / (787) 259-3288
Fax: (787) 259-0159
lcda.jusinogiron@gmail.com

---

CERTIFICATION OF TRANSLATION

I, Carol G. Terry, a US-Court-Certified-Interpreter, Certificate No. 03-001, and translator with an MA in Translation from the University of Puerto Rico, do hereby certify that, to the best of my knowledge and abilities, the foregoing FIVE (5) PAGES are a true and correct translation of the original document in Spanish.

Carol G. Terry

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Sala SUPERIOR de PONCE

| | |
|---|---|
| MANUEL JUSINO PALERMO Y OTROS<br>Nombre de la(s) Parte(s) Demandantes(s)<br>VS.<br>DUPONT AGRICULTURAL CARIBE INDUSTRIES, INC. Y OTROS<br>Nombre de la(s) Parte(s) Demandada(s) | CASO NÚM: PO2018CV01730<br>SALÓN NÚM: 602<br>ACCIÓN CIVIL DE DAÑOS<br>(Materia o Asunto) |

### EMPLAZAMIENTO

ESTADOS UNIDOS DE AMÉRICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: DUPONT AGRICULTURAL CARIBE INDUSTRIES, INC.
Nombre de la parte demandada que se emplaza

361 SAN FRANCISCO STREET, SAN JUAN, PUERTO RICO, 00901
Dirección de la parte demandada que se emplaza

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr/sumac/, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

NAOMI JUSINO GIRON
Nombre del (de la) abogado(a) de la parte demandante, o de la parte, si no tiene representación legal

19135
Número ante el Tribunal Supremo, si es abogado(a)

2734 BLVD. LUIS A. FERRE
URB. CONSTANCIA
PONCE, PUERTO RICO 00717
Dirección

787-607-9588   TEL. 7872593288 / FAX 7872590159
Número de teléfono; número de fax

LCDA.JUSINOGIRON@GMAIL.COM
Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el **14** de **noviembre** de **2018**.

LUZ MAYRA CARABALLO GARCIA
SECRETARIA REGIONAL
Nombre del (de la) Secretario(a) Regional

Por: MICHELLE VAZQUEZ OLIVIERI
Secretaria Aux. del Tribunal
Nombre y Firma del (de la) Secretario(a) Auxiliar

J023

OAT 1721 Emplazamiento (SUMAC)
(Rev. Mayo 2018)
Reglas de Procedimiento Civil de 2009, según enmendadas

Scanned with CamScanner

CASO NÚM: _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo, _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico Sala de _____.

CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el ____ de _____ de _____, a las _____ ☐ am ☐ pm, de la siguiente forma:

☐ Mediante entrega personal a la parte demandada en la siguiente dirección física: _____

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: _____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que: _____

En _____, Puerto Rico, el ____ de _____ de _____.

_____  _____
Nombre del (de la) Alguacil Regional   Nombre del (de la) Alguacil de Primera Instancia y Número de Placa

_____
Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _Ala A. Menzale Lo_, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _30_ de _Noviembre_ de _2018_, de la siguiente forma:

☑ Mediante entrega personal a la parte demandada en la siguiente dirección física: _Dupont Agricultural Caribe Industries P/C Edgard Santiago (Seguridad) Base 68 Cam. Num 686 Km 2.3 Manatí P.R._

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para para recibir emplazamientos en la siguiente dirección física: _____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que: _____

### COSTOS DEL DILIGENCIAMIENTO
$ _____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta. Y PARA QUE ASÍ CONSTE, suscribo la presente en _Manatí_, Puerto Rico, el _30_ de _Noviembre_ de _2018_.

_____   317 #5900 Ave. Isla Verde
Firma del (de la) emplazador(a)    L-2 Carolina P.R. 00979
                                  Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

Jurado(a) y suscrito(a) ante mí por _____,
de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

Scanned with CamScanner