UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL JUSINO PALERMO, ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br> DUPONT AGRICULTURAL CARIBE INDUSTRIES LIMITED, ET AL., <br><br> DEFENDANTS. | CIVIL NO. 18–2025 (WGY) |

**Triple-S Salud, Inc.'s Rule 12(b)(6) Motion to Dismiss**

To Honorable William G. Young, U.S. District Court Judge:

Defendant Triple-S Salud, Inc. (Triple-S) respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss this federal-question action seeking to recover health benefits under a plan controlled by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. Because the complaint neither states an ERISA claim against Triple-S nor plausibly charges it with any other theory of recovery and (in any event) because the plaintiffs never pursued administrative remedies, the complaint fails at the starting gate and should thus be dismissed.

**Summary of Allegations**

The relevant facts, drawn from the complaint, ECF No. 1–1 ("Compl.") and documents incorporated by it," *Barchock v. CVS Health Corporation*, 886 F.3d 43, 45 (1st. Cir. 2018) (ERISA), follow. The plaintiffs are Manuel Jusino Palermo, a 1993 DuPont

Agricultural Caribe Industries, Inc. (DuPont) retiree, and his wife, Nahir Giron Morel. Compl. ¶ 4. The defendants are DuPont, Triple-S, and Aon Hewitt, LLC, the latter which has yet to appear and, upon information and belief, has not even been properly served. Compl. ¶ 5.

"Since 1983," the complaint alleges, Mrs. "Nahir Girón Morel and her husband, Mr. Manuel Jusino Palermo, received the medical and dental coverage services of Triple-S as part of the benefits offered by DuPont . . . . (who also conducts business under the name Dupont Connection and Dupont Agricultural and AON Hewitt, LLC) . . . to its employees, retirees and their direct relatives." Compl. ¶ 4. Although the complaint is unclear, the plaintiffs appear to argue that DuPont "sponsored and administered" the health plan, and that Triple-S was the health insurance company that would provide the benefits to DuPont's group members and retirees.

The nub of the complaint is that "the defendants arbitrarily deactivated, without any notice whatsoever, the plaintiff's medical coverage benefits." Compl. ¶ 20. "As a result," says the complaint, "to this day, Mrs. Nahir Girón does not have medical or dental coverage to receive healthcare treatment and care." Compl. ¶ 20. On September 14, 2018, the complaint alleges, Triple-S informed Ms. Girón Morel that it had dropped her from DuPont's group health insurance, Compl. ¶ 19, and on November 12, 2018, the plaintiffs filed suit in Puerto Rico's Ponce Superior Court, *see* ECF No. 1 at 5. In short, then, the plaintiffs allege that DuPont incorrectly deactivated Plaintiff Nahir Giron Morel's

medical coverage benefits. Compl. ¶ 20-21. The complaint thus requests $40,000 in undisclosed "financial damages"; $20,000 "for mental anguish and emotional damage," and $5,000 in "extrajudicial efforts and attorney's fees." Compl. ¶ 21(a)-(c).

DuPont timely removed the complaint to this Court, as the plaintiffs are plainly suing to recover benefits owed to them under an ERISA-regulated plan. *See generally* ECF No. 1. And, as matters stand, the plaintiffs have neither retained counsel admitted to practice before this Court nor made pro se appearances.

**Standard of Review**

Triple-S invokes Federal Rule of Civil Procedure 12(b)(6), which allows it to challenge the plaintiffs' failure to state a claim upon which relief can be granted. *Martinez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016). It is true that, even under the plausibility standard, this Court must draw the "well-pleaded facts as true and . . . all reasonable inferences in [their] favor." *Id.* Before doing so, however, this Court must first "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). Then, it "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

**Argument**

**I. This Court may consider the attached SPD without converting this motion into a summary-judgment one.**

One procedural matter warrants clarification at the outset. When, as here, a district court rules on a Rule 12(b)(6) motion to dismiss, the court is generally limited to considering facts and documents that are part of or incorporated into the complaint. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). But "[w]hen . . . a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998). The First Circuit has carved out "narrow exceptions [to the rule which prohibits consideration of documents not attached to the complaint in a motion to dismiss under Rule 12(b)(6)] for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.*

As Exhibit A, Triple-S is submitting a copy of the Summary Plan Description (SPD) of the DuPont Medical Care Assistance Program, which is sufficiently referred to by the plaintiffs in their complaint. *See Clorox Co. P.R. v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 32 (1st Cir. 2000). The exhibit's authenticity is not—and cannot be—disputed. And,

more critically, their allegations are expressly linked to the SPD. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998). This Court, then, may—and should—consider the attached exhibit—to properly consider the relevant documents integral to or explicitly relied on in the complaint.

**II. Because Plaintiff Jusino Palermo lacks standing and because Plaintiff Girón Morel failed to exhaust administrative remedies, their suit is procedurally kneecapped against Triple-S, which is an improper defendant in any event.**

ERISA's Section 502(a)(1)(B) empowers a participant or beneficiary to bring suit to recover benefits due to her under the terms of his plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Although their complaint unfortunately lacks a statement-of-claims section, it makes no reference to any laws (federal or local), the plaintiffs are essentially seeking to recover benefits allegedly due to them under the DuPont health plan, which Triple-S provides.

But Plaintiff Jusino Palermo is not a "beneficiary" with standing under ERISA. This is because the complaint alleges only that Plaintiff Girón Morel's group healthcare plan was impermissibly terminated. The complaint, after all, concedes that, on "January 1, 2015," Plaintiff Jusino Palermo "would receive his Medicare coverage because he would be of the required age, and [Plaintiff Giron Morel would continue to receive her Medical Plan and Dental Plan coverage without any changes . . . ." Compl. ¶ 8.

More importantly, because the plaintiffs never alleged separate counts or causes of actions, "such a lackluster effort sounds the death knell on them . . . ." *Rosado-Montes v. United States*, 8 F. Supp. 3d 55, 61, 2014 WL 1274073 (D.P.R. 2014) (Casellas, J.). *accord Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 34 (1st Cir. 2012) ("Plaintiff's purported Fourth Amendment claim fails to meet the pleading standards of *Iqbal* [because it] was not even pled as a claim, but only mentioned on the first page of the complaint."(quoting *Marrero–Rodríguez v. Municipality of San Juan*, 677 F.3d 497, 501 (1st Cir. 2012) (alterations in original))).

Triple-S concedes that, as DuPont correctly noted in its notice of removal, ECF No. 1, the plan at issue here is a "group health plan" under ERISA, which defines "'group health plan . . . [as] an employee welfare benefit plan providing medical care . . . to participants or beneficiaries directly or through insurance, reimbursement, or otherwise." 29 U.S.C. § 1167(1). Triple-S, after all, acquiesced to DuPont's notice of removal.

But Triple-S is not a proper defendant: The complaint provides no allegations that Triple-S "decide[d] contractual eligibility and benefits questions . . . ." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) (construing insurance company's duty under ERISA) (quoting in part *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc)). Because the complaint lacks allegations that Triple-S makes plan-termination decisions, it is not a proper defendant. *See Layes v. Mead Corp.*, 132 F.3d 1246, 1249–50 (8th Cir. 1998); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).

In all events, because Plaintiff Girón Morel failed to exhaust administrative remedies under the plan—the complaint makes zero allegations that she exhausted remedies in 2018, after she received Triple-S's cancellation letter—she is precluded from suing in this Court. Although ERISA's statutory language does not expressly require an affected party to exhaust administrative remedies before filing suit, federal courts, including the First Circuit, have reasoned that Congress intended that a plan's administrative remedies be used *before* resorting to the courts. *Terry v. Bayer Corp.*, 145 F.3d 28 (1st Cir. 1998). So "beneficiaries *must first* use—or, as it is often put, "exhaust"—their plan's procedures for making claims." *Tetreault v. Reliance Standard Life Ins. Co.*, 769 F.3d 49, 51–52 (1st Cir. 2014) (emphasis added); *see also, e.g.*, *Medina v. Metropolitan Life Insurance Company*, 588 F.3d 41 (1st Cir. 2009) ("[a] plaintiff who wishes to raise an ERISA claim in federal court must first exhaust all administrative remedies that the fiduciary provides.").

The complaint not even intimates that the plaintiffs were not provided with the SPD, *see* Exhibit A, which contains detailed information about their rights "to appeal adverse benefit determinations on medical claims to DuPont and on prescription claims to Express Scripts." Exh. A, at 29. As in *Madera v. Marsh USA, Inc.*, "[t]he Plan's review procedure was outlined in the . . . [SPD], and [the plaintiffs] had adequate opportunity to read and understand the relevant provisions." 426 F.3d 56, 61 (1st Cir. 2005). And the complaint does not allege otherwise.

And, more to the point, the SPD provides an internal review and appellate process before the "DuPont Human Resources Employee Benefits Appeals." *See* Exh. A, pp. 36, 29–30. As relevant here, the SPD provides that "the exhaustion of the claim and appeal procedure is mandatory for resolving any claim arising under [the Dupont Medical Care Assistance Program]." *Id.* at 30. And it further provides that "[a]pplicable law requires you to pursue all claim and appeal rights on a timely basis before seeking any other legal recourse regarding claims for benefits." *Id.*

The plaintiffs, however, failed to exhaust the foregoing internal review and appeal processes before filing this suit. No allegations to the contrary exist in their complaint. They are thus barred from seeking relief under ERISA here. For the foregoing reasons, and because courts in this circuit have regularly dismissed ERISA claims for failure to exhaust administrative remedies, *e.g.*, *Newman v. Lehman Brothers Holdings Inc.*, 901 F.3d 19, 24 (1st Cir. 2018), this action should be dismissed—without prejudice—for failure to exhaust administrative remedies, *see Rivera-Diaz v. American Airlines, Inc.*, 229 F.3d 1133 (1st Cir. 2000) (per curiam) (holding that the "proper remedy for failing to exhaust administrative remedies was dismissal without prejudice").

**III. Because the plaintiffs state neither a plausible nor a cognizable claim against Triple-S, which is neither a fiduciary nor the entity who controls it, their claims should be dismissed.**

Insofar as the plaintiffs bring a 29 U.S.C. § 1132(a)(3) claim for an alleged violation of fiduciary duty, it, too, would fail the plausibility threshold. To begin with, the complaint

nowhere alleges that Triple-S is a fiduciary under ERISA. *See Watson*, 141 F. Supp. 2d at 149 (Young, J.).

But even if Triple-S were somehow a fiduciary, the same conclusion would follow. Section 1132(a)(3) provides that a civil action may be brought by a beneficiary to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); *see CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011). But when, as here, there is adequate relief available under ERISA Section 502(a)(1)(B), a cause of action for breach of fiduciary duties would fail as a matter of law as the Supreme Court held in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and *Varity Corp. v. Howe*, 516 U.S. 489 (1996). This is because the fiduciary-duty provisions in ERISA are primarily concerned with protecting the integrity of the plan, which in turn protects *all* the beneficiaries, rather than remedying each wrong suffered by *individual* beneficiaries. *See id.* at 142. And granting individual benefits to one participant would be "the quintessential example of relief that is not available under section 502(a)(2)." *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 715 (4th Cir. 1996) (quoting *Russell*, 473 U.S. at 140); *see Indianapolis Life Ins. Co. v. Herman*, 516 F.3d 5, 10 n. 4 (1st Cir. 2008) (noting that an "ERISA fiduciary can only be liable to the plan and not an individual beneficiary for a breach of her duty"); *accord Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir.

2010); *Estate of Spinner v. Anthem Health Plans of Virginia, Inc.*, 388 F. App'x 275, 282 (4th Cir. 2010).

For these reasons, the plaintiffs, who never properly alleged that they were "empowered to bring suit under . . . [ERISA]," *Anjomi v. Kalai*, 828 F. Supp. 2d 410, 414 (D. Mass. 2011) (Young, J.), lack a plausible breach-of-fiduciary-duty claim. Because, in sum, none of the plaintiffs' allegations seek to obtain any type of *plan-wide relief*, and because the breach-of-fiduciary-duty claim contains no cognizable or plausible claim against Triple-S, this claim should be dismissed, *see Barchock v. CVS Health Corporation*, 886 F.3d 43, 55 (1st Cir. 2018).

**IV. Because the plaintiffs have neither made a pro se appearance nor retained counsel since the December 28, 2018 removal—over two months ago—this Court should dismiss this action for want of prosecution, or at least order the plaintiffs to show cause why their claims should not be dismissed for want of prosecution.**

Since December 28, 2018, when DuPont removed this case from local court, the plaintiffs' representation has been on a limbo. This is because the plaintiffs' local counsel is not admitted to practice before this Court. The plaintiffs have neither made a pro se appearance before the Court nor retained a counsel admitted to practice before this Court.

Of course, courts can invoke their inherent power together with Federal Rule of Civil Procedure 41(b) to dismiss a case with prejudice when a party fails to comply with their orders, including lack of prosecution. *See Vazquez–Rijos v. Anhang*, 654 F.3d 122, 127 n. 12 (1st Cir. 2011). This bedrock principle is in line with the axiom that the "[e]ffective administration of justice requires that trial courts possess the capability to manage their

own affairs." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Given the plaintiffs' lackadaisical approach to this litigation, this Court should dismiss this case, *without prejudice*, for want of prosecution. *See Corujo v. Eurobank*, 299 F. App'x 1, 2 (1st Cir. 2008) (per curiam) (deciding whether "whether dismissing the case without, rather than with, prejudice was an abuse of discretion and conclude[ing] that it was not. Our resolution of that issue results largely from the highly deferential standard of appellate review that applies").

If, however, this Court understand that it would prudent to warn the plaintiffs that their limbo-status is unacceptable before dismissing their case, *cf. Perry v. Alexander*, No. 18-1572, 2018 WL 6622180, at *1 (1st Cir. Sept. 21, 2018) (dismissing appeal for want of prosecution after issuing "order directing appellants to either pay the $505.00 filing fee or to file a compliant request for in forma pauperis" and warning them that failure to comply would result in want-of-prosecution dismissal), Triple-S respectfully moves for an order to show why, given the plaintiffs' non-appearance, their case should not be dismissed, but *with prejudice*, for want of prosecution, *see Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir. 1980) ("A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant.").

**Conclusion**

For the reasons stated, this Court should grant this motion and dismiss this case with prejudice.

Dated:  March 6, 2019                               Respectfully submitted,

SANABRIA BAUERMEISTER GARCIA & BERIO,
Corporate Center | Ste. 202
33 Calle Resolución
San Juan, PR 00920
Tel. 787.300.3200
Fax. 787.300.3208

**/s/ Jaime L. Sanabria Montañez**
Jaime L. Sanabria Montañez
jsanabria@sbgblaw.com
USDCPR No. 225307

**/s/ Arturo V. Bauermeister**
Arturo V. Bauermeister
avb@sbgblaw.com
USDCPR No. 302604
*Attorneys for Triple-S*

**CERTIFICATE OF SERVICE**

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I also certified that I have emailed the foregoing to the plaintiffs' local-court counsel (lcda.jusinogiron@gmail.com), and that I have mailed the foregoing to the "mailing address" shown in the complaint: "PO Box 7683, Ponce, PR 00732."

By**: /s/ Arturo V. Bauermeister**